13-3515
*Barry v Lynch*

BIA
Laforest, IJ
A095 473 566

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand fifteen.

PRESENT:
            DENNIS JACOBS,
            PIERRE N. LEVAL,
            DEBRA ANN LIVINGSTON,
                *Circuit Judges.*
_____

ADAMA DIAN BARRY,
            *Petitioner,*

            v.                                    13-3515
                                                  NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,[1]
            *Respondent.*
_____

FOR PETITIONER:          Theodore Vialet, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant
                         Attorney General; Ernesto H.

---

1 - Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

Molina, Jr., Assistant Director;
Tracey N. McDonald, Trial Attorney,
Office of Immigration Litigation,
United States Department of
Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Adama Dian Barry, a native and citizen of Guinea, seeks review of a September 4, 2013, decision of the BIA affirming a June 6, 2012, decision of an Immigration Judge ("IJ"), denying Barry's motion to reopen. *In re Adama Dian Barry*, No. A095 473 566 (B.I.A. Sept. 4, 2013), *aff'g* No. A095 473 566 (Immig. Ct. N.Y. City June 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v.*

2

*Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).  An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  There is no dispute that Barry's 2012 motion was untimely, as the agency's final administrative decision was issued in 2004.

The time limitation may be excused if the motion is "based on changed country conditions arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R.§ 1003.23(b)(4)(i); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).  In addition, ineffective assistance of counsel may equitably toll the filing deadline. *Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).  Here, the BIA's denial of Barry's motion to reopen as untimely was not an abuse of discretion.  *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005).

3

## I.    Ineffective Assistance

Barry claims that the filing deadline for her motion to reopen should be tolled to accommodate her claim of ineffective assistance.  While a showing of ineffective assistance may equitably toll the filing deadline for a motion to reopen, an alien must demonstrate "due diligence" in pursuing her claim during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed." *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008); *see also Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  In considering whether a petitioner exercised due diligence, "there is no period of time which we can say is *per se* unreasonable, and, therefore, disqualifies a petitioner from equitable tolling– or, for that matter, any period of time that is *per se* reasonable."  *Jian Hua Wang v. BIA*, 508 F.3d 710, 715 (2d Cir. 2007).

The agency did not abuse its discretion in finding that, even assuming Barry's prior counsel was ineffective, she failed to demonstrate due diligence in the eight years between the BIA's dismissal of her appeal as untimely and the filing of her

4

motion to reopen.  Barry admits that she knew her appeal was dismissed, yet still waited years to file a complaint and retain new counsel.  A delay as short as 14 months may constitute lack of due diligence.  *See Rashid*, 533 F.3d at 132.

Furthermore, the agency did not abuse its discretion in concluding that Barry failed exercise due diligence regarding her former counsel's failure to file a motion to reopen based on changes in asylum law in 2008.  The interval between the date Barry spoke with her former counsel about filing a motion to reopen and the date she began to pursue an ineffective assistance claim is unclear, but even based on the most liberal timeline the record suggests, Barry did not show due diligence.

**II.  Changed Country Conditions**

Barry argues that under the current Guinean administration, she is in danger of persecution by "military and cultural forces" because she is ethnically Fulani.  When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review those factual findings under the substantial evidence standard.  *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  Here, substantial evidence supports the agency's finding that Barry did not

5

establish materially changed conditions in Guinea regarding treatment of Fulanis.

Barry presented no evidence at all regarding the treatment of Fulanis in Guinea at the time of her original merits hearing. *See Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006); *Matter of S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007). The current country conditions evidence does not suggest that circumstances have worsened for Fulanis since the election of President Conde. The 2010 U.S. State Department Report reflects significant ethnic tensions in Guinea, but it does not establish that the current administration persecutes Fulanis. Instead, it primarily describes fighting that occurred between ethnic groups immediately following the Conde election.

Barry also claims that conditions in Guinea have changed with regard to treatment of those who opposed forced marriages and FGM. She did not raise this claim before the agency, however, and the Government noted her failure to exhaust. Accordingly, we cannot address it here. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal

6

that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

7